# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

June 1, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**REBECCA COLABER,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0940** (BOR Appeal No. 2049338)
                    (Claim No. 2012018176)

**EAGLE MANUFACTURING COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Rebecca Colaber, by J. Marty Mazezka, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Eagle Manufacturing Company, by Maureen Kowalski, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 22, 2014, in which the Board affirmed a March 31, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's January 15, 2013, decision rejecting Ms. Colaber's application for workers' compensation benefits. The Office of Judges held the claim compensable for a left ankle sprain. The Office of Judges, however, affirmed two additional claims administrator decisions issued on January 15, 2013, which closed the claim for temporary total disability benefits and denied authorization for a surgery as well as additional medical treatment requested by Lawrence DiDomenico, D.P.M. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Colaber worked as a laborer for Eagle Manufacturing Company. On November 16, 2011, she was carrying boxes over uneven ground when she rolled her left ankle. Two days later, she was treated by Patsy Cipoletti Jr., M.D., who diagnosed her with a contusion and sprain of

1

the left foot. Dr. Cipoletti also found that the soreness at the base of her fifth metatarsal had persisted. Dr. Cipoletti had an x-ray taken of Ms. Colaber's left foot which showed swelling at the base of the fifth metatarsal with no underlying fracture or dislocation. The x-ray also showed mild heel spurring. Ms. Colaber applied for workers' compensation benefits following this examination.

After submitting her application, Ms. Colaber came under the care of Jeffrey Wilps, D.P.M., who found that she had pain and swelling of the fifth metatarsal of the left foot related to capsulitis, peroneal tendinitis, and bursitis. He also found that she had an unspecified ankle sprain. Ms. Colaber was also treated by Nikolay Gatalyak, D.P.M., who found that the radiographs taken after her injury revealed spurring as well as osteophytes in the fifth metatarsal. He found that the presence of these conditions soon after the injury indicated that they were pre-existing. Ms. Colaber then sought another opinion from Dr. DiDomenico, who found that she had sustained a left lower ankle and peroneal tendon injury. He recommended that she immobilize her ankle and remain off work for another month. Over the next nine months, Dr. DiDomenico issues several notices to Eagle Manufacturing Company that Ms. Colaber remained disabled related to her compensable injury. Based on these notices, the claims administrator paid Ms. Colaber temporary total disability benefits from March 1, 2012, through December 27, 2012. There is no record, however, that the claims administrator held the claim compensable.

An MRI was taken on March 2, 2012, which revealed Achilles tendinosis, mild swelling of the plantar fascia, and thickening of the lateral ankle ligaments. Roger Componovo, M.D., then evaluated Ms. Colaber. At the time of the evaluation, Ms. Colaber alleged that the injury caused her to twist her left foot and ankle. She also alleged that it caused her to fall. Dr. Componovo found that she had subluxation of the fifth metatarsal of her left foot. He believed that this condition was directly related to the compensable injury. A second MRI was then taken on October 16, 2012, which revealed plantar fasciitis and Achilles peritendinitis as well as peroneal brevis and longus tendinitis. Ms. Colaber was then treated by Ramy Fahim, D.P.M., who found that she had exhausted all of her conservative treatment options without significant improvement. Dr. Fahim recommended that Ms. Colaber undergo an exploratory surgery of the left foot as well as a debridement of the peroneal brevis tendon. Jeffrey N. Kann, M.D., also evaluated Ms. Colaber, and he found that she had completely recovered from the left ankle sprain she sustained on November 16, 2011. Dr. Kann had x-rays taken of her left foot, which he found revealed no evidence of any acute injury. He noted that his examination of her left foot and ankle revealed no soft tissue swelling. He found that the only area where Ms. Colaber experienced discomfort was at the base of the fifth metatarsal. He noted that the MRI taken on March 2, 2012, was consistent with Achilles peritendinitis, swelling of the plantar fascia, and thickening of the lateral ankle ligaments. However, he did not believe Ms. Colaber should undergo surgery for these conditions. Following this examination, Dr. DiDomenico examined Ms. Colaber and submitted a request that she undergo surgery for her ankle and forefoot problems. Dr. DiDomenico also requested that Ms. Colaber remain off work until after her surgery. He stated that her surgery was scheduled for March 1, 2013, and that she should remain off work until May 2, 2013.

On January 15, 2013, the claims administrator denied Ms. Colaber's application for workers' compensation benefits. On the same day, the claims administrator issued a second decision closing the claim for temporary total disability benefits. In a third decision issued on January 15, 2013, the claims administrator also denied Dr. DiDomenico's requested authorization for surgery and additional medical care. Two weeks later, Dr. DiDomenico requested that sprain of tibiofibular ligament, tenosynovitis of the foot and ankle, pain in the limb, rupture of other tendons, and exostosis of an unspecified site be added to the claim. Despite these denials, Ms. Colaber underwent a debridement and reattachment of the tendon as well as an excision and resection of the fifth metatarsal of the left foot. The charge for the surgery was submitted to her primary insurance company. Following the surgery, Dr. Fahim submitted a letter to the claims administrator in which he stated that he believed the procedure was necessary and related to the compensable injury. Dr. Fahim also treated Ms. Colaber and found that she was recovering from the surgery and was considerably better compared to her condition prior to the procedure. Dr. DiDomenico, however, treated Ms. Colaber and found that she should remain off work until September 30, 2013. Dr. Fahim then treated Ms. Colaber again and found that she appeared to be able to tolerate more weight on her foot. Ms. Colaber also testified by deposition and denied having sustained any left foot or ankle injury prior to the November 16, 2011, incident. On March 31, 2014, the Office of Judges reversed the first claims administrator's January 15, 2013, decision and held the claim compensable for a left ankle sprain. The Office of Judges, however, affirmed the remaining two decisions of the claims administrator. The Board of Review affirmed the Order of the Office of Judges on August 22, 2014, leading Ms. Colaber to appeal.

The Office of Judges concluded that the claim should be held compensable only for a left ankle sprain. It also concluded that the claim was properly closed for temporary total disability benefits. Finally, the Office of Judges concluded that there was no error in denying Ms. Colaber's request for surgery and a referral for medical care. The Office of Judge found that Ms. Colaber sustained a left ankle sprain on November 16, 2011, and that the condition had resolved. It found that her ongoing left foot problems were not related to the compensable injury. The Office of Judges determined that Ms. Colaber clearly had degenerative changes in her left foot that pre-existed and were not related to the compensable injury. The Office of Judges found that the evidence in the record included x-rays of Ms. Colaber's left foot dating as far back as 2004 which showed chronic and degenerative conditions of the forefoot and metatarsal heads. The Office of Judges also noted that Ms. Colaber had received treatment from Zaleski Orthopedics in 2005 for tenderness in the metatarsal heads and metatasalgia affecting the weight bearing aspect of her left foot. The Office of Judges noted that, at the time of this treatment, Ms. Colaber had complained of ongoing pain in her left forefoot. It also noted that the treatment notes of Dr. Gatalyak revealed that Ms. Colaber had developed spurring in her fifth metatarsal base. The Office of Judges found that the development of this condition within months of the compensable injury indicated that it was pre-existing and not related to her compensable injury. The Office of Judges further found that Ms. Colaber's differing accounts of the mechanism of her injury were sufficiently inconsistent to undermine the credibility of her testimony. Because the Office of Judges found that Ms. Colaber's claim should only be held compensable for a left ankle sprain, it determined that she was not entitled to additional temporary total disability benefits. The Office of Judges also found that the requested surgery and medical care were related to Ms. Colaber's

non-compensable degenerative foot problems and was not required to treat her compensable ankle sprain, which had resolved. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. The evidence in the record establishes that Ms. Colaber suffered an ankle sprain in the course of and resulting from her employment. The initial treatment records from Dr. Cipoletti show that Ms. Colaber rolled her ankle on November 16, 2011, and suffered an ankle sprain which should be held compensable. The evidence, however, does not support the addition of any other diagnoses as compensable conditions of the claim. Ms. Colaber has not demonstrated that peroneal brevis rupture, tendinopathy, exotosis of the fifth metatarsal, or tenosynovitis of the foot and ankle are causally related to the compensable injury. Although Dr. DiDomenico requested that these conditions be added to the claim, there is significant evidence in the record that these conditions are pre-existing and not causally related to the compensable injury. The Office of Judges was within its discretion in finding that a left ankle sprain was the only compensable condition of the claim. Ms. Colaber also has not demonstrated that she is entitled to any additional temporary total disability benefits. The evidence in the record shows that Ms. Colaber received several weeks of temporary total disability benefits. Nevertheless, the evaluation of Dr. Kann demonstrates that any total disability Ms. Colaber is currently experiencing is related to pre-existing degenerative conditions and not the compensable ankle sprain, which has completely resolved. The treatment notes of Dr. DiDomenico and Dr. Fahim also show that Ms. Colaber's ongoing disability is related to non-compensable, degenerative conditions in her left foot. Ms. Colaber, finally, has not demonstrated that the requested surgery and referral for additional medical care are medically related and reasonably required to treat her compensable injury. Dr. Kann's evaluation shows that Ms. Colaber has fully recovered from her compensable ankle sprain and has no further need of treatment, including surgery. Dr. Kann's assessment is supported by the remainder of the evidence in the record and especially by the operative report from Ms. Colaber's March 11, 2013, surgery, which showed that the procedure was needed to treat her non-compensable tendon and forefoot problems. Because Ms. Colaber's ongoing need for treatment is related to her non-compensable conditions, the authorization for the surgery and referral for additional medical treatment was properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 1, 2015**

4

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II